JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
ORI S. BLUMENFELD (SBN 259112)
*Ori@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777

Attorneys for Plaintiff, Howard B. Grobstein, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re | Case No.:  6:20-bk-15379-SC |
| CARLOS E. PRIETO, SR., | Chapter: 7 |
| Debtor. | Adv. No.: |
| HOWARD B. GROBSTEIN, Chapter 7 Trustee, | **COMPLAINT FOR:** |
| Plaintiff, | **(1) DECLARATORY RELIEF;** |
| v. | **(2) FOR TURNOVER; AND** |
| CARLOS E. PRIETO, SR., an individual; and BARBARA PRIETO, an individual, | **(3) IMPOSITION OF A RESULTING TRUST** |
| Defendants. | |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

**JUDGE:**

Plaintiff Howard B. Grobstein (the "Plaintiff" or "Trustee"), the chapter 7 trustee for

the above-captioned bankruptcy estate (the "Estate") of Carlos E. Prieto, Sr. ("Debtor"),

respectfully alleges as follows:

**<u>STATEMENT OF JURISDICTION AND VENUE</u>**

1.      This Court has jurisdiction over this adversary proceeding and its subject

matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), in that this proceeding arises in

and relates to the Debtor's main bankruptcy proceeding, pending in the Central District

of California, Riverside Division, case entitled, *In re Carlos E. Prieto, Sr.*, bearing Case No. 6:20-bk-15379-SC (the "Bankruptcy Case"). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O). Plaintiff consents to entry of final orders and judgment by the Bankruptcy Court.

2.       This adversary proceeding filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

3.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding arises under and in connection with a case filed under Title 11 which is pending in this district.

### I.    **PARTIES**

5.       Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee in the Debtor's Bankruptcy Case. Because the Trustee was appointed after the occurrence of the majority of the facts alleged in this complaint, he has no personal knowledge of such facts. Accordingly, the Trustee alleges all such facts on information and belief based on a review of documents and pleadings in this bankruptcy case, as well as a review of Debtor's books and records that have been made available to the Trustee and his counsel.

6.       Plaintiff is informed and believes, and based thereon alleges that at all relevant times, defendant Barbara Prieto ("Barbara") was and is an individual who resided in the Central District of California.

7.       Plaintiff is informed and believes, and based thereon alleges that at all relevant times, the defendant Carlos E. Prieto, Sr., was and is an individual who resided in the Central District of California. Plaintiff is further informed and believes that the Debtor is, and at all times relevant herein was, married to Barbara.

8.       The Debtor and Barbara are jointly and severally referred to herein as the "Defendants."

///

///

## II.    GENERAL ALLEGATIONS

9.    The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code on August 7, 2020 (the "Petition Date").  Thereafter, Plaintiff was appointed as the chapter 7 trustee of the Debtor's Estate. The Debtor received his discharge on November 16, 2020.

10.    On June 29, 1990, the Debtor and Barbara purchased the property located at 9625 Meadow Street, Rancho Cucamonga, California 91730-5660 (APN # 209-321-01) (the "Property"), taking title by way of recording an Individual Grant Deed as husband and wife as joint tenants, pursuant to instrument number 90-255071.

11.    On August 12, 1997, the Debtor allegedly transferred all of his interest in the Property to Barbara by way of an Interspousal Transfer Grant Deed, pursuant to instrument number 19970289082.

12.    On November 13, 1997, Barbara allegedly transferred, via Grant Deed, her 100% separate property interest in the Property as a bonafide gift to Bella Prieto ("Bella"), a single woman as her sole and separate property, pursuant to instrument number 19970415713. Plaintiff is informed and believes, and based thereon alleges that at all relevant times, Bella is the daughter of the Debtor and Barbara.

13.    On March 26, 2003, Bella, as a married woman, allegedly transferred, via Quitclaim Deed, her 100% interest in the Property as a bonafide gift back to Barbara, as a single woman as her sole and separate property, pursuant to instrument number 2003-0196090.

14.    The Debtor's petition alleges that he lives at 7536 Honeysuckle Street, Fontana, California 92336.

15.    Nevertheless, the Debtor's bills, invoices, and bank statements (collectively, the "Statements") provided by the Debtor's counsel for the 12 months prior to the Petition Date, indicate that the Debtor resides at the Property.

16.    The Debtor's 2019 tax returns list the Property as his residence.

17.    The Debtor testified at his meeting of creditors pursuant to 11 U.S.C. §

1  341(a) on September 10, 2020 (the "341(a) Meeting"), that he was never on title

2  regarding the Property.

3      18.    At his § 341(a) Meeting, the Debtor further testified that he has been

4  separated from Barbara for the past 12 years.

5      19.    Plaintiff is informed and believes that at all relevant times the Debtor

6  retained a community property interest in the Property.

7      20.    Plaintiff is informed and believes that Barbara is holding the Property in her

8  legal name for the benefit of the Debtor as a resulting trustee.

9                          **FIRST CLAIM FOR RELIEF**

10                    **(For Declaratory Relief – Against Debtor)**

11                          **[11 U.S.C. § 541(a)(2)]**

12      21.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of

13  the Complaint as if fully set forth herein.

14      22.    An actual controversy exists in that Plaintiff contends the Property is

15  community property of the Debtor and Barbara, such that pursuant to 11 U.S.C. §

16  541(a)(2) the entirety of the Property is property of the estate, while the Debtor asserts

17  that some or all of the Property is not community property and not property of the estate.

18      23.    Pursuant to 11 U.S.C. § 541(a)(2) and other applicable law, Plaintiff is

19  entitled to a judgment determining the entirety of the Property is community property and

20  property of the estate.

21                          **SECOND CLAIM FOR RELIEF**

22                    **(For Turnover – Against all Defendants)**

23                            **[11 U.S.C. § 542]**

24      24.    Plaintiff realleges and incorporates paragraphs 1 through 23 of the

25  Complaint as if fully set forth herein.

26      25.    Plaintiff is informed and believes, and based thereon alleges, that the

27  Property constitutes property of the estate.

28

                                    4

26.   Pursuant to 11 U.S.C. § 542, Plaintiff is entitled to the turnover of the Property by the Debtor and Barbara.

### THIRD CLAIM FOR RELIEF

**(Imposition of a Resulting Trust – Against Barbara)**

**[11 U.S.C. § 544]**

27.   Plaintiff realleges and incorporates paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28.   The Debtor entrusted Barbara with the Property by transferring his interest in the Property.

29.   Barbara agreed to the use of the Property as her and the Debtor's residence.

30.   By virtue of these acts, Barbara holds the Property as a resulting trustee for the Estate's benefit, and the Estate has a community property interest in the Property.

**WHEREFORE**, Plaintiff prays for relief as follows:

1.   That the Court issue a declaratory judgment that the Property is the community property of the Debtor and Barbara, and hence that the entirety of the Property is property of the estate pursuant to 11 U.S.C. § 541(1)(A)(2);

2.   That the Court issue a judgment directing Defendants to turn over possession of the Property to the Plaintiff;

3.   That the Court issue a judgment determining that Barbara holds the Property as a resulting trustee for the benefit of the Plaintiff;

4.   That the Court issue a judgment against Defendants which awards Plaintiff his attorneys' fees, along with the costs of suit incurred herein; and

5.   That the Court grant such other relief as the Court deems just and proper.

DATED:  January 13, 2021          **MARGULIES FAITH, LLP**

By: */s/ Ori S. Blumenfeld*
Jeremy W. Faith
Ori S. Blumenfeld
Attorneys for Plaintiff
Howard B. Grobstein,
Chapter 7 Trustee

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled <u>COMPLAINT FOR: (1) DECLARATORY RELIEF; (2) FOR TURNOVER, AND (3) IMPOSITION OF A RESULTING TRUST</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>January 13, 2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> **ATTORNEY FOR TRUSTEE: Ori S Blumenfeld**    Ori@MarguliesFaithLaw.com,
> Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
> **ATTORNEY FOR TRUSTEE: Jeremy Faith**    Jeremy@MarguliesFaithlaw.com,
> Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
> **CHAPTER 7 TRUSTEE: Howard B Grobstein (TR)**    hbgtrustee@gtllp.com, C135@ecfcbis.com
> **ATTORNEY FOR DEBTOR: Francis Guilardi**    fguilardilaw@gmail.com
> **INTERESTED PARTY: Valerie Smith**    claims@recoverycorp.com
> **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On <u>January 13,2021</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>**JUDGE:**</u> Pursuant to Amended General Order 20-14, Filed December 1, 2020, no Judge's copy is being served.
<u>**DEBTOR:**</u> Carlos E. Prieto. Sr. 7536 Honeysuckle Street, Fontana, CA 92336
> Carlos E. Prieto 9625 Meadow Street, Rancho Cucamonga, California 91730-5660
<u>**DEBTOR**</u>: Barbara Prieto 9625 Meadow Street, Rancho Cucamonga, California 91730-5660

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 13, 2021 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**